UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff,*<br>v.<br><br>BYRON ZABALA<br><br>*Defendant.* | Honorable Jose L. Linares, U.S.D.J.<br><br>Criminal No. 12-879<br><br>CONSENT JUDGMENT AND<br>PRELIMINARY ORDER OF FORFEITURE |

**WHEREAS,** on August 18, 2011, a seizure warrant was issued by the Honorable Mark Falk, United States Magistrate Judge for the District of New Jersey, for the cash value of HSBC official check no. 101230350, in the amount of $15,000, held in the HSBC General Ledger Account ending in numbers 1556; and

**WHEREAS,** on the same day, agents from the Department of Homeland Security, Office of Inspector General, executed the above referenced seizure warrant and seized $15,000; and

**WHEREAS**, on or about December 15, 2011, an Indictment was filed against defendant Byron Zabala, charging him with knowingly, directly and indirectly, corruptly giving, offering and promising something of value, namely up to $30,000 in United States currency, to an employee of U.S. Citizenship and Immigration Services ("USCIS"), and an undercover law enforcement agent posing as an employee of USCIS with intent to: (A) influence official acts; (B) influence such public official to commit and aid in committing, and to collude

in, and allow, a fraud, and make an opportunity for the commission of a fraud, on the United States; and (C) to induce such public officials to do and omit to do acts in violation of their lawful duties, in violation of 18 U.S.C. § 201(b)(1) and 18 U.S.C. § 2; and

**WHEREAS**, on or about March 28, 2012, defendant Byron Zabala pled guilty to the Indictment; and

**WHEREAS**, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, a person convicted of an offense in violation of 18 U.S.C. § 201(b)(1) shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense; and

**WHEREAS**, by virtue of the above, the United States is now entitled to possession of $15,000 in United States currency; and

**WHEREAS** defendant Byron Zabala acknowledges that the $15,000 in United States currency was involved in an offense in violation of 18 U.S.C. § 201(b)(1), that it represents the amount of proceeds traceable to the commission of the offering and giving of a corrupt payment to an employee of USCIS, and an undercover law enforcement agent posing as an employee of USCIS, and that the $15,000 in United States currency is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

**WHEREAS** defendant Byron Zabala agrees to forfeit the $15,000 in United States currency, waives all interests in and claims to the $15,000 in

United States currency, and hereby consents to the forfeiture of the $15,000 in United States currency to the United States; and

**WHEREAS** defendant Byron Zabala:

(1) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the Government or the Court to complete the forfeiture and disposition of the $15,000 in United States currency;

(2) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in his presence at sentencing, and incorporation of the forfeiture in the Judgment;

(3) Acknowledges that he understands that forfeiture of the $15,000 in United States currency will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise defendant Byron Zabala of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(4) Will, pursuant to Rule 32.2(b)(3), promptly consent to the finalization of the order of forfeiture before sentencing if requested by the Government to do so;

(5) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the $15,000 in United States currency described above;

(6)     Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this consent judgment;

(7)     Agrees to cooperate in resolving third-party claims in favor of the United States, and for good and sufficient cause shown; and

**WHEREAS** good and sufficient cause has been shown,

It is hereby **ORDERED, ADJUDGED, AND DECREED:**

**THAT** the $15,000 in United States currency is hereby forfeited to the United States of America pursuant to the provisions 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), for disposition in accordance with the provisions of 21 U.S.C. § 853; and

**THAT**, pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order and of its intent to dispose of the $15,000 in United States currency in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site, namely www.forfeiture.gov, for at least 30 consecutive days; and

**THAT**, pursuant to 21 U.S.C. § 853(n)(2), any person, other than defendant Byron Zabala, asserting a legal interest in any of the above-listed property must file a petition with the Court within **thirty (30)** days of the final publication of notice or of receipt of actual notice, whichever is earlier, and state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; and

**THAT**, pursuant to 21 U.S.C. § 853(n)(3), the petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim and the relief sought; and

**THAT**, the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the $15,000 in United States currency, as a substitute for published notice as to those persons so notified; and

**THAT**, the aforementioned $15,000 in United States currency is to be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of said $15,000 in United States currency by the United States; and

**THAT**, upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

**ORDERED** this 28th day of March, 2012.

_____
Honorable Jose L. Linares
United States Distict Judge

The undersigned hereby
consent to the entry and
form of this order:

PAUL J. FISHMAN
United States Attorney

_____     Dated: 3/28/12
By: SANDRA MOSER
Assistant United States Attorney

_____     Dated: 3-28-12
MICHAEL OROZCO, ESQ.
Attorney for Defendant Byron Zabala

_____     Dated: 3-28-12
Defendant Byron Zabala